RECEIVED
MAY - 6 2014
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Ibert | Civil Action No. 13-02968 |
| versus | Judge Richard T. Haik, Sr. |
| Wal-Mart Louisiana LLC, et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is an unopposed[1] Motion To Dismiss Improperly Joined Defendant, Polly Boudreaux, On Behalf Of Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. ("Wal-Mart") [Rec. Doc. 23].

Plaintiff, Patti B. Ibert, alleges she slipped and fell in a substance believed to be water when she was in the Wal-Mart Store located in Franklin, Louisiana, on September 25, 2012. Plaintiff filed suit in the Sixteenth Judicial District Court, in the Parish of St. Mary, State of Louisiana, on or about September 23, 2013 against Wal-Mart Louisiana, LLC and Wal-Mart Stores, Inc. Thereafter, plaintiff filed a First Supplemental and Amending Petition for Damages, adding Polly Boudreaux as a defendant. The action was removed to this Court on October 30, 2013. *R.1.* Plaintiff filed a Second Supplemental and Amending Complaint adding Coca-Cola Refreshments USA, Inc. on January 10, 2014. *R. 9.* Wal-Mart filed this motion contending that Boudreaux was improperly joined as a defendant because "she was sued solely for alleged violations of general administrative responsibilities and employment functions." *R.23.*

"Improper Joinder" can be established by an inability of a plaintiff to establish a cause of action against a defendant in state court. *McKee v. Kansas City Southern Railway Co.*, 358 F.3d 329, 333 (5th Cir.2004). To prove improper joinder, the defendants must put forward evidence that would negate a possibility of recovery against the non-diverse defendant. *Smallwood v. Illinois Central R.R. Co.*, 385 F.3d 568, 573 (5th Cir.2004). All disputed questions

---

[1] Pursuant to Local Rule L.R. 7.5W, the deadline for filing any opposition to defendants' motion was April 28, 2014. *LR. 7.5.*

of fact and ambiguities of law must be construed in the plaintiff's favor. *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir.2003). Plaintiff is a citizen of Louisiana, while Wal-Mart is a foreign corporation. Because Boudreaux, however, also resides in Louisiana, her presence in the suit would destroy the complete diversity required by federal law. Whether this Court retains its diversity jurisdiction over this matter turns on Boudreaux and her liability under Louisiana law.

Plaintiff's First Amended Petition, *R. 1*, alleges that Boudreaux violated her general administrative responsibilities and employment functions.[2] Under Louisiana law, in order to state a cause of action against Boudreaux, plaintiff must show that Wal-Mart delegated its duty to Boudreaux and that she personally breached that duty. *Canter v. Koehring Co.*, 283 So.2d 716, 721 (La.1973); *Ford v. Elsbury*, 32 F.3d 931, 936 (5th Cir.1994). Wal-Mart, as a merchant, owes its patrons a duty to exercise reasonable care to keep its passageways in a reasonably safe condition, ensuring that the premises are free of hazardous conditions which might reasonably cause damage. La. R.S. 9:2800.6. A review of plaintiff's complaint reveals no allegations that Wal-Mart ever delegated any of its duties to protect the safety of the plaintiffs nor that Boudreaux ever acted unreasonably.

As there are no allegations that Boudreaux actively contributed in any way to the allegedly defective condition of the floor, plaintiff's claims against Boudreaux fall short as a matter of law. Thus, Wal-Mart's motion will be granted and Polly Boudreaux will be dismissed from this suit.

U.S. District Judge Richard T. Haik, Sr.

---

[2] Plaintiff also alleges that Boureaux caused the spill but provides no facial plausibility as to this claim. "The complaint (1) on its face (2) must contain enough factual matter (taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim." *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257(5th Cir.2009).